UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES ROBINSON,
          Plaintiff,

    v.                                  Case No. 07C0606

RONALD JOHNSON,
and LINCOLN BENEFIT LIFE COMPANY,
          Defendants.

## DECISION AND ORDER

Pro se plaintiff James Robinson, a Wisconsin citizen, brings this diversity action against defendant Ronald Johnson, also a Wisconsin citizen, and Lincoln Benefit Life Company ("Lincoln"), an insurance company apparently headquartered in Lincoln, Nebraska. Plaintiff alleges that Lincoln, through Johnson, its agent, represented that if plaintiff put $7,500 into a life insurance policy issued by Lincoln, he could get it back whenever he wished but failed to provide the money when plaintiff requested it. Before me now are Johnson's and Lincoln's motions to dismiss the action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and under Fed. R. Civ. P. 12(b)(5) for insufficiency of service.

"[S]ubject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." United States v. Cotton, 535 U.S. 625, 630 (2002). The court has an independent obligation to ensure that jurisdiction exists. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006); Thomas v. Guardsmark, LLC, 487 F.3d 531, 533 (7th Cir. 2007). Plaintiff argues that I have diversity jurisdiction under 28 U.S.C. § 1332. In order

to establish such jurisdiction, plaintiff must show that he is a citizen of a different state than all of the defendants, <u>Indiana Gas Co., Inc. v. Home Ins. Co.</u>, 141 F.3d 314, 315-16 (7th Cir. 1998), and that the amount in controversy exceeds "$75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a). Plaintiff fails on both counts.

First, Ronald Johnson presents a declaration that, like plaintiff, he is a Wisconsin citizen. Therefore, plaintiff fails to establish complete diversity. As to the amount in controversy, I may dismiss the case for failing to satisfy such requirement only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount. <u>Meridian Sec. Ins. Co. v. Sadowski</u>, 441 F.3d 536, 541 (7th Cir. 2006). Plaintiff alleges that defendants wrongfully refused to return $7,500, but he requests $2 million in punitive damages and claims that this demand gets him over the jurisdictional hurdle. I disagree. When a claim for punitive damages makes up the bulk of the amount in controversy, I must scrutinize it carefully. <u>Unified Catholic Schs. v. Universal Card Servs. Corp.</u>, 34 F. Supp. 2d 714, 719-20 (E.D. Wis. 1999). Based on plaintiff's allegations, I conclude that it is extremely unlikely that a jury would award him more than $7,500. Further, in the unlikely event that a jury awarded plaintiff more than $67,500 in punitive damages, I would in all likelihood have to set aside the award as excessive.

Plaintiff also failed to properly serve Johnson and Lincoln. The Federal Rules of Civil Procedure do not permit a plaintiff to serve an individual or corporate defendant by mail unless the law of the forum state allows such service. Fed. R. Civ. P. 4(e), (h). In the present case, plaintiff attempted to serve defendants by certified mail only, and Wisconsin law does not allow such service. <u>See</u> Wis. Stat. § 801.11(1), (5). Therefore, even if I had jurisdiction, I would have to dismiss both Johnson and Lincoln as defendants.

2

Therefore,

**IT IS ORDERED** that defendants' motions to dismiss for failure to establish subject matter jurisdiction are **GRANTED**, and this case is **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 15 day of October, 2007.

/s_____
LYNN ADELMAN
District Judge

3